## Joe Casey v. The State.

### No. 3717.   Decided November 17, 1915.

**1.—Burglary—Sufficiency of the Evidence.**

Where, upon trial of burglary, the evidence sustained the conviction, there was no reversible error.

**2.—Same—Charge of Court—Circumstantial Evidence—Principals.**

Where, upon trial of burglary, the court gave a correct charge on circumstantial evidence, and another on principals, there was no error in not adding to each, that defendant, and no one else, committed the offense.

**3.—Same—Principals—Charge of Court.**

Where, upon trial of burglary, the evidence did not raise the issue that defendant alone was guilty of the offense, the court correctly refused to so charge the jury.

**4.—Same—Bill of Exceptions—Motion for New Trial.**

Where no question is raised in the motion for new trial, which can be considered in the absence of a bill of exceptions, there is nothing to review.

Appeal from the District Court of Kaufman. Tried below before the Hon. F. L. Hawkins.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of burglary and assessed the lowest punishment.

It is unnecessary to state the evidence further than to state that it was amply sufficient to show that appellant, together with two others, committed the burglary alleged in the indictment. He has no bill of exceptions. The court gave a correct charge on circumstantial evidence. He also correctly told the jury in a separate paragraph that all :persons are principals who are guilty of acting together in the commission of an offense and may be prosecuted and convicted as such. Appellant requested three special charges on circumstantial evidence. They are literally in effect a copy of the court's charge on that subject, except to the end of each in substance he added "that the defendant and no one else committed the offense charged." The court correctly declined to give this, but the charge he did give, including that on principals, properly presented the issue. The effect of appellant's requested charge, if it had been given, would have required the jury to acquit him even though he was guilty of the offense because he was acting with others. The testimony did not raise the issue that he alone was guilty of the offense, but that he, together with two others, were guilty of the offense.

No question is raised in the motion for a new trial which can be considered in the absence of a bill of exceptions.

The judgment is affirmed

*Affirmed.*